94    63
118   431

[No. 14610.   In Bank. — March 26, 1892.]

IN THE MATTER OF THE ESTATE OF C. B. RICHARD-SON, DECEASED.

WILL — LETTER NOT TESTAMENTARY. — A letter from a brother to his sister, expressing a desire for full information about his mother and his sister's children, stating that he is pecuniarily independent, that his health is probably ruined, and that he wants to anticipate possibilities, and that "you and your children get everything; your boy I want given the best of educations," — is not testamentary in character, the writer not being *in extremis*, and there being nothing in the circumstances or surroundings of the writer which unmistakably evince his intention that the letter, apart from a formal will executed or intended to be executed, should of itself be a testamentary disposition of his estate to his sister and her children.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Smith, Winder & Smith,* for Appellant.

*A. J. King, O'Melveny & Henning,* and *Wells, Monroe & Lee,* for Respondent.

Foote, C. — This appeal is taken from a judgment or decree denying the petition for the probate of a will, and refusing to allow letters of administration with the will annexed to be issued.

That which is propounded as a will is a letter written and sent in due course of mail by the deceased in his lifetime from Los Angeles, California, to his sister, Mrs. Hardee, in Savannah, Georgia. It reads thus: —

"Los Angeles, Cal., October 1, 1890.

"Nina, — I wrote you yesterday, hastily; answer my letter at once; I want to know everything about mother, and all about you, — your children. I have reached the point of perfect independence, pecuniarily. My health is probably ruined, and I want to anticipate possibilities. You and your children get everything. Your boy I want given the best of educations. I would like him to go to Harvard. I would like to have him a lawyer; don't bring him up a prejudiced Southerner; but teach *honor; make it dearer than life,* and he must, with the blood in his veins, be a man. Write me. As soon as I possibly can, I will be in Savannah.          Brother."

We think it necessary to determine but one point made by the appellant, which is, that the second conclusion of law is not warranted by the findings. It reads thus: " That said document is not testamentary in its character, and makes no testamentary disposition of the estate or property of said deceased."

The language of the letter which is propounded as the last will and testament of the deceased is not, to our minds, testamentary in its character.

There is nothing in the circumstances and surroundings of the writer which unmistakably evince that it was his intention that the letter in question should be a testamentary disposition of his estate to his sister Nina

and her children. It may be that he wished to be informed of some fact or facts before he made a will; for in this letter he shows a desire to hear from his sister at once, in answer to a letter written the day before.

He was not *in extremis*, nor is there anything to show that he contemplated immediate or very proximate dissolution, which might necessitate a final disposition of his estate.

Again, even in a document such as this, if intended as a will, it would be likely that some expression in the shape of "I wish, or I desire," my property to go to such or such a person would very naturally be used if the intention existed to make the instrument a testamentary disposition, rather than to say, "You and your children get everything"; for the first expressions would show a disposition at that time to have his estate go to certain persons. The last expression might be used in a letter like this by one who had already made a formal will, which may have been lost or destroyed, or might be with reference to making a formal will; that is, "You and your children get everything by a formal will," or "will get everything by a will I shall make." This construction of the language is as consistent with a proper interpretation of it as is that contended for by the appellants.

It is not for courts to declare that to be a testamentary disposition of his estate when it does not clearly appear that such was the intention of the individual executing it.

The court below was justified, under the findings, in this conclusion of law.

We advise that the judgment or decree be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment or decree is affirmed.