[S. F. No. 753. Department One.—October 1, 1897.]

In the Matter of the Estate of EUTHANASIA S. MEADE, Deceased. PORTER SHERMAN, Appellant, v. PATIENCE SHERMAN, Respondent.

WILL—LETTER ADDRESSED TO UNDERTAKER—DISPOSITION OF BODY—REFERENCE TO ADMINISTRATOR—LACK OF TESTAMENTARY CHARACTER.—A letter addressed to an undertaker, the main object of which was to provide for a disposition of the body of the writer in case of death, concluding with a statement that the estate of the writer must pay all expenses accruing, and that her brother will take charge of her estate, and be the sole administrator without bonds, to trade, sell, or occupy, as may seem to him fit, is not of a testamentary character, and the language of the concluding paragraph is more consistent with a construction that she was referring to a will already made, or to be made, than that she had the *animus testandi* when writing the letter.

ID.—TESTAMENTARY INTENTION MUST BE CLEARLY MANIFESTED—RIGHTS OF HEIRS.—The intention of the deceased that a paper should stand for a last will and testament must be plainly apparent, and the heirs at law are not to be disinherited unless such intention is clearly manifested, and expressed with legal certainty.

APPEAL from a judgment of the Superior Court of the County of Santa Clara. John Reynolds, Judge.

The facts are stated in the opinion of the court.

Charles Clark, for Appellant.

The nomination of the brother as administrator, without bonds, shows a testamentary intent. (2 Redfield on Wills, 59; Williams on Executions, 7th ed., 267–390; Schouler on Wills, sec. 297; *In re Hickman*, 101 Cal. 613.) No particular words are necessary to show a testamentary intent, and the giving of her brother full control of her estate shows a testamentary in-

tention of the deceased sister. (*Mitchell ·v. Donohoe,* 100 Cal. 202; 38 Am. St. Rep. 279; *In re Stratton,* 112 Cal. 517.) Construction should be in favor of testamentary intention. (Civ. Code, secs. 1325, 1326; *Rhoton v. Blevin,* 99 Cal. 648.)

Nicholas Bowden, for Respondent.

That the paper in question shows no testamentary intention is sustained by the decisions. (*In re Richardson,* 94 Cal. 63; *Succession of Elliott,* 27 La. Ann. 40; *Wootton v. Redd,* 12 Gratt. 196; *Hatcher v. Hatcher,* 80 Va. 169; *Smith v. Bell,* 6 Pet. 68; *McBride v. McBride,* 26 Gratt. 476; *Sutherland v. Sydnor,* 84 Va. 880.)

GAROUTTE, J.—Appellant filed a petition asking that a certain document, olographic in character, be probated as the last will and testament of Euthanasia S. Meade, deceased. A copy of the purported document accompanied the petition. Upon demurrer it was held that the document was not a will, and upon this appeal the only question presented is, Was the paper testamentary in character?

The document under consideration was in the form of a letter addressed to an undertaker residing in the city of San Jose, and dated some sixteen months prior to the death of the writer. This letter is as follows:

"San Jose, June 30, 1894.

"Mr. Woodrow, Undertaker.

"Realizing the uncertainty of this life, and the surety of coming dissolution, and wishing the cremation of this my mortal body, and also having a most absolute abhorrence of being put in the ground to decay and rot, I hereby ask and empower you to take my body to the nearest crematory and there have the same reduced to ashes at the least possible expense, with no ostentation whatever. Money thrown away in useless parade of the dead, in my opinion, might better ·be spent caring for the living and making them comfortable and happy.

"In disposing of me use no unkindly care, neither make long or expensive delays. I do not propose entering into detail; use some judgment, and, above all, be simple, practical, expedient.

"The only person I care to have apprised of my death is my brother, Porter Sherman, of Kansas City, Kansas, associated

with the Wyandotte First National Bank. A message sent there will reach him, and perhaps he may be in Leipsic, Germany, where of late years he and his family have spent much time.

"I intend at no distant day to write this in substance and send to your address; but in case of accident or sudden demise this may answer any purpose arising from such calamity.

"No, I have no fear of the hereafter. Oh, my Lord, teach me to live right, then in dying there is no sting.

"My estate must pay all needful expenses accruing, but nothing for show or ostentation.

"My brother, Porter Sherman, will take charge of my estate, and be the sole administrator, without bonds, to trade, sell, or occupy, as may seem to him fit.

"I am very truly,

"EUTHANASIA SHERMAN MEADE.

"June 30, 1894."

The last paragraph of the writing is the one to which especial importance is attached, as stamping the paper as of testamentary character. It is claimed that by this clause the brother of deceased, Porter Sherman, was not only appointed executor of the estate, but that a devise and bequest to him of all her property is there declared. It is further claimed that, conceding there is no disposition of her estate by the document, still there is an appointment of an executor, and that such fact, standing alone, makes the paper a will and entitled to probate. If the paper appoints an executor, this contention is sound. (*In re Hickman,* 101 Cal. 613.)

The intention of the deceased that the paper should stand for a last will and testament must be plainly apparent. The heirs at law are not to be disinherited unless such intention is clearly manifested; and, in this case, the question coming to the court upon demurrer, we are confined to the face of the paper itself for a discovery of that intention. "Effect must be given to the intention of the testator, if that can be discovered, and is consistent with the rules of law. But the intention must be expressed and with legal certainty, otherwise the title of the heirs at law must prevail." (*Sutherland v. Sydnor,* 84 Va. 880.) "It must satisfactorily appear that he intended the very paper to be

his will. Unless it so appear the paper must be rejected." (*Mc-Bride v. McBride*, 26 Gratt. 476.) "It is not for courts to declare that to be a testamentary disposition of his estate when it does not clearly appear that such was the intention of the individual executing it." (*In re Richardson*, 94 Cal. 65.) Applying the principle of law just declared, we are not satisfied that the deceased intended the document above set out to be her last will and testament. It is not clearly apparent that it was written *animo testandi*. It is plain that the main question in the deceased's mind was the disposition of her body; and that she took her pen in hand to advise the undertaker upon that matter. Such being the principal purpose of the writing, it should certainly be made plain by apt words that incidentally she also intended the paper as her last will. It is evident that the lady was possessed of intelligence and education, and it is hardly conceivable that such a one should have so indistinctly and inappropriately expressed her wishes, if the making of a will was in her mind at the time. The language of the last paragraph of the writing is more consistent with the construction that she was referring to a will already made, or one thereafter to be made. As to the words of this paragraph possessing the importance of a devise to Porter Sherman of all her estate, it is entirely too weak and indefinite. In *In re Richardson, supra,* we find in the letter there involved much stronger language; yet the court held that no devise was thereby made, and the paper was no will. In speaking of Porter Sherman as the administrator, and in speaking of his management of her estate, she wholly failed to use a word or words clearly expressing the intention contended for by appellant. It was an easy thing to do so. It was a probable thing for her to do. It is improbable that a woman like her would have used the language she used if she had intended the paper as a will.

Judgment and order affirmed.

Harrison, J., and Van Fleet, J., concurred.

Hearing in Bank denied.