(January 19, 1927.)

In the Matter of the Estate of GEORGE E. HARRINGTON, Deceased. BERT P. HARRINGTON, ROY R. HARRINGTON, KEITH E. HARRINGTON, NADINE WILLIAMS and LYDIA HARRINGTON, Appellants, v. ANNIE E. ROBERSON, Respondent.

[252 Pac. 868.]

OLOGRAPHIC WILL—EVIDENCE TO ESTABLISH INSUFFICIENT.

Evidence in petition for probate of alleged olographic will *held* not sufficiently clear or convincing as required by C. S., sec. 7470, to authorize holding trial court in error in finding to the contrary.

APPEAL from the District Court of the Tenth Judicial District, for Lewis County. Hon. Miles S. Johnson, Judge.

Appeal from a judgment of the district court affirming an order of the probate court admitting will to probate and denying probate of an alleged olographic will. *Affirmed.*

Benjamin F. Tweedy and Leo McCarty, for Appellants.

The letter dated February 12, 1923, constituted an olographic will. (C. S., sec. 7811; *In re Dexter Estate,* 179 Cal. 247, 176 Pac. 168; *In re Chevallier's Estate,* 159 Cal. 161, 113 Pac. 130; *In re Olssen's Estate,* 42 Cal. App. 656,

Publisher's Note.

See 28 R. C. L. 382.

See Wills 40 Cyc., p. 1132, n. 39.

184 Pac. 22; *Barney v. Hays,* 11 Mont. 571, 28 Am. St. 495, 29 Pac. 282; 5 Words & Phrases, 1st Series, 4050; *Carr v. Effinger,* 78 Va. 197; *Campbell v. Beaumont,* 91 N. Y. 464; *In re Skerrett's Estate,* 67 Cal. 585, 8 Pac. 181.)

Tannahill & Leeper, for Respondent.

"Where a will, rational on its face, is shown to have been executed in legal form by the testimony of the subscribing witnesses, the law presumes testamentary capacity in the testator, and that the will speaks his wishes, and the burden is upon the contestant to overcome such presumption." (*Hanson v. Rhodes,* 87 Wash. 113, 151 Pac. 264.)

"The oral statements of the testator, or the written, if not executed according to the statute, neither constitute a revocation, nor are they admissible as direct evidence to show that the testator revoked his will." (1 Underhill on Wills, p. 319, sec. 234.)

"Where there is a substantial conflict in the evidence, the findings of the trial court will not be disturbed." (*Bower v. Moorman,* 27 Ida. 162, Ann. Cas. 1917C, 99, 147 Pac. 496; *Hufton v. Hufton,* 25 Ida. 96, 136 Pac. 605; *Little v. Little,* 29 Ida. 292, 158 Pac. 559; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; *First Nat. Bank v. Cruickshank,* 38 Ida. 789, 225 Pac. 142; *Davis v. Idaho Minerals Co.,* 40 Ida. 64, 231 Pac. 712.)

TAYLOR, J.—George E. Harrington died at Pasco, Washington, on June 24, 1923, leaving an estate in Lewis county, Idaho. In September, 1923, appellants Bert P. Harrington, Roy R. Harrington, Keith E. Harrington and Nadine Williams, grandchildren of decedent, filed in the probate court of Lewis county a petition for, and letters of administration were issued to appellant Lydia Harrington, their mother. On November 6, 1923, respondent Annie E. Roberson, formerly a daughter-in-law of decedent, filed therein a petition for an order revoking these letters and a petition for the probate of a will of decedent dated January 17, 1920, in which she was the principal beneficiary. The administratrix, Lydia Harrington, filed objections to the petition to revoke her

letters of administration, and the four appellant grand-children of decedent filed their petition for the probate of an alleged olographic will dated about February 12, 1923, claimed to have been lost, and their contest against the probate of the will presented by respondent.

The petition to revoke the letters of administration, the petitions to probate the two wills, and the contests thereof, were all heard together, and an order made revoking the letters and admitting to probate the will of January 17, 1920, and denying probate of the alleged olographic will. On appeal to the district court, upon a trial *de novo,* this order was affirmed and judgment entered accordingly, from which this appeal is taken.

The appellants contested the will ordered probated upon two grounds: (1) That its execution was secured through undue influence and fraud; and (2) by the attempt to establish a later olographic will in effect a revocation of the former.

The evidence that the will of January 17, 1920, was duly executed, and that the testator "was not influenced by any menace, duress, fraud or undue influence," is amply supported by the evidence, and the finding upon that question will not be disturbed.

Proof of the alleged olographic will was by testimony of a letter written by decedent on or about February 12, 1923, to Lydia Harrington, and received by her a day or two afterwards. The letter was not produced, appellants claiming it was lost or inadvertently destroyed in July, 1923.

Appellants contend that the court erred in a finding of fact that the deceased was physically unable to write at the time when they contend he wrote the letter, contending that the court based his finding of fact that the will was not written on the physical inability of the deceased to write, and that the proof is to the contrary, in that the proof establishes that at about the same time he did write another letter which was offered in evidence. However, the court did find that the deceased did not write a letter "making any testamentary disposition of his property," such as was contended was in this alleged lost letter.

43 Idaho—29

C. S., sec. 7470 provides that "No will shall be proved as a lost or destroyed will . . . . unless its provisions are clearly and distinctly proved by at least two credible witnesses."

Conceding, for the sake of argument, that the letter was written as testified to, the evidence of the witnesses of its contents was not clear and convincing evidence of testamentary disposition. One witness says the letter recited that the writer "would leave," another that he "was leaving," and a third that "I am leaving," everything to them. These witnesses do not testify to any positive language or to any other portion of the letter or testamantary intention expressed elsewhere, and the evidence of these recitals is not evidence of testamentary disposition or of an intent to make of this letter a will, sufficient, clear or convincing to support any contention that the trial court was in error in finding to the contrary. (*In re Richardson's Estate*, 94 Cal. 63, 29 Pac. 484, 15 L. R. A. 635; *In re Meade's Estate*, 118 Cal. 428, 62 Am. St. 244, 50 Pac. 541; *Wright v. Wright*, 124 Va. 114, 97 S. E. 358.)

The judgment is affirmed.   Costs to respondent.

.Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.