## In re ABRAMS' WILL.
## ABRAMS v. ABRAMS.

No. 27858. March 8, 1938.

E. C. Fitzgerald, for plaintiff in error.

Nelle Nesbitt and Frank Nesbitt, for defendant in error.

HURST, J. This cause involves the validity of an instrument offered for probate as a holographic will. It appears that the will in question was found among testatrix's papers after her death. It is testamentary in character and bequeaths to one Kenneth Brown $5; to a son, Samuel W. Abrams, contestant herein, some items of household goods, pictures and furniture; and to her other son, Earl B. Abrams, proponent of the will, the residue of testatrix's personal estate. The will was witnessed by one witness, Dora Large. It bears no date. It was offered for probate by Earl B. Abrams. Samuel W. Abrams filed objections to the probate of the same for the reason (a) that it was not dated; (b) that the testatrix was without testamentary capacity at the time of its execution; and (c) that testatrix acted under duress and undue influence exerted by Earl B. Abrams in making the will.

The county court denied probate of the will. On appeal, the district court affirmed the judgment of the county court, and found, from sufficient evidence, that the will was in fact written and signed in the handwriting of the testatrix, that she had testamentary capacity, and that she was free from undue influence, and based its decision solely on the fact that the will is wholly without a date. The parol evidence discloses that the will was executed between July 4 and July 16, 1934.

The sole question argued by the parties is whether the total absence of a date on the face of the will renders it void, or whether that deficiency can be supplied by parol evidence. Our statute, section 1545, O. S. 1931, defines a holographic will as "one that

is entirely written, dated and signed by the hand of the testator himself". From this definition it is plain that there are three requisites for a valid holographic will: (a) That it be entirely **written** by the hand of the testator; (b) that it be entirely **dated** by the hand of the testator; and (c) that it be entirely **signed** by the hand of the testator.

The proponent argues that this court is committed to the rule that substantial compliance with the statutory requirements for the execution of wills is sufficient, and that there was substantial compliance here by proof of the date at the trial. He relies upon the decision of this court in the case of In re Estate of Hail (1923) 106 Okla. 124, 235 P. 916, to sustain this contention. In that case a holographic will dated "November 1919", with the day of the month omitted, was held valid. It will be observed that the will was "dated," although not completely. The authorities are reviewed at length and no case is cited where, under a statute requiring a holographic will to be dated, such a will was admitted to probate that did not contain the month, day, and year. It is the only case to which our attention has been called, or that we have found, that, under a statute like ours, holds that a date on a holographic will is sufficient where only the month and year are given. The decisions from the other states having statutes requiring that such a will be dated are to the contrary. 68 C. J. 720, and authorities cited in note 2; In re Love's Estate (1930 Utah) 285 P. 299; In re Vance's Estate (1916 Cal.) 162 P. 103, L. R. A. 1917C, 479; Montague v. State (1930 N. D.) 231 N. W. 728; Heffner v. Heffner (1896 La.) 20 So. 281.

In the case of Montague v. State (1930 N. D.) supra, the court reviewed at length the authorities and discussed, but refused to follow, the Hail decision, and, under a statute identical with ours, held invalid a holographic will that omitted from the date the day of the month. The court called attention to the language used in the last paragraph of the opinion in the Hail Case to the effect that it is not to be used as a precedent as to any other holographic will.

The proponent does not cite a case, and we have found none, holding valid a holographic will that was wholly without date, under a statute requiring that such a will be dated. The authorities are to the contrary. 68 C. J. 720; 28 R. C. L. 163; Schouler, Wills, Executors and Administrators (6th Ed.) sec. 429; Thompson on Wills (2d Ed.) sec. 29. To sustain such a will would be, in effect, to disregard one of the three statutory requirements for a valid holographic will. We cannot hold, under the rule of liberal construction to which we are committed, that there has been a substantial compliance with the statute when one of the three requirements is entirely omitted. The right to make a will is not an inherent or natural right, but rests wholly upon the legislative will. Statutory requirements are mandatory and must be substantially complied with. In re Estate of Hail, supra; Hill v. Davis (1917) 64 Okla. 253, 167 P. 465; Davis v. Davis (1922) 86 Okla. 255, 207 P. 1065; In re Pitcairn's Estate (1935 Cal. App.) 50 P.2d 78; 68 C. J. 414, 648, 650, 651, 715; 28 R. C. L. 108 and 162; Woerner, The American Law of Administration (3d Ed.) sec. 38; Thompson on Wills (2d Ed.) sec. 101. The courts cannot inquire into the wisdom or reason for legislative requirements as to the manner of making and executing wills. Their duty is to ascertain the legislative intent and to enforce it. When a will is offered for probate, the court does not inquire into the intention of the testator, but its duty is to see if the legislative intent has been complied with in the execution of the will, and if it is found that it has not, its duty is to deny probate of the proffered will. It has been well said:

"The question is not whether she intended this paper to be her will, but whether it is a will clothed with the form of law. An holographic will, like every other testament, is a solemn act. It matters not how clearly it conveys the last wishes of the decedent. If it is not clothed with the forms prescribed, it is null." In re Noyes' Estate (1909 Mont.) 105 P. 1017, 26 L. R. A. (N. S.) 1145, 20 Ann. Cas. 366.

The omission of the date from the will cannot be supplied by evidence aliunde so as to render the will valid and subject to probate. Succession of Beird (La. 1919) 82 S. 881, 6 A. L. R. 1452. See, also, 68 C. J. 721, 998; In re McMahon's Estate (Cal. 1917) 163 P. 669; Bingel v. Volz (1892) 142 Ill. 214, 34 A. S. R. 64; Waller v. Waller (Va. 1845) 42 Am. Dec. 564; Heffner v. Heffner, supra. In the Heffner Case, holding invalid a holographic will not bearing the day of the month, it is said:

"That the holographic will must be entirely written, dated and signed by the testator necessarily excludes proof aliunde of the essentials. The only evidence is the will itself. The testimony tendered to supply the deficiency in the will was properly excluded by the lower court."

To hold otherwise would be contrary to the plain language of the statute that it be

"entirely \* \* \* dated \* \* \* by the hand of the testator".

It is to be regretted that the intention of the testatrix is defeated by her failure to observe the statutory requirements, but to hold otherwise would in effect be to let down the bars to evils against which the statutory provisions are aimed. It was well said in Re Tyrrell's Estate (1915 Ariz.) 153 P. 767, quoting from an English decision:

"It may happen, even frequently, that genuine wills, namely wills truly expressing the intentions of the testators, are made without observations of the required forms; and whenever that happens, the genuine intention is frustrated by the act of the Legislature, of which the general object is to give effect to the intention. The courts must consider that the Legislature, having regard to all probable circumstances, has thought it best, and has therefore determined, to run the risk of frustrating the intentions sometimes, in preference to the risk of giving effect to or facilitating the formation of spurious wills, by the absence of forms. It is supposed, and that authoritatively, that the evil of defeating the intention in some cases, by requiring forms, is less than the evil probably to arise by giving validity to wills without any form in all cases."

For the reasons stated, we cannot extend the rule in the Hail Case, supra, by holding that the statute requiring that a holographic will be "entirely dated by the hand of the testator" has been substantially complied with where the will is entirely undated.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, and DAVISON, JJ., concur. WELCH, PHELPS, and GIBSON, JJ., dissent.