In re COLLINS' ESTATE.
CRAIG et al. v. McVEY.

No. 33159.  June 29, 1948.

*195 P. 2d 753.*

C. N. Haskell, of Muskogee, and Bob Bailey, of Russellville, Ark., for plaintiffs in error.

Elbert Hinds, of Muskogee, for defendant in error.

HURST, C. J. The question for decision is whether a letter entirely written, dated and signed by the hand of Maggie Collins and addressed to Irene Collins McVey, was written with testamentary intent and was entitled to probate as an holographic will.

The letter was written nearly eleven years prior to the death of Maggie Collins and was one of many similar letters written by her to Irene Collins McVey. Among the letters so written was one more like a will. Letters similar in tone were written to other persons. In the letter offered for probate Mrs. Collins thanked the addressee for a gift, complained of her health, mentioned family matters, and asked the addressee to purchase a pair of shoes for her, and in a postscript gave the size of shoes she wanted. The portion

which it is claimed is testamentary, consisting of some 80 words near the end of the letter containing some 545 words, is as follows:

"You have been so sweete to me I am not going to forget you You & Sam & Jack are all I have & when I die I want you to have what I leave—Jack has plenty & dont need it. Sam & I either at the best can only be here a short time. We are both getting old & you are nearer & dearer to me than any one but Jack — I am sure looking out for you."

In order to show that Maggie ·Collins was familiar with customary testamentary terminology, the contestants introduced in evidence a will signed by her some nine years prior to the writing of the letter in question. The record discloses that Irene Collins McVey made her home with Maggie Collins from the age of about seven years until she married at the age of 20 years, although it does not appear that she was adopted. The next of kin of Maggie Collins were Mark Craig, a nephew, and Sybil Bailey, a niece, who contested the probate of the purported will, and who have appealed from the judgment of the district court, sustaining on appeal the order of the county court admitting said purported will to probate.

We are committed to the rule that:

"Where an instrument is tendered for probate as an holographic will, it must be plainly apparent that it was the intention of the deceased that the paper should stand for her last will and testament, and · an instrument should be denied probate unless such intention is plainly apparent." In re Young's Estate, 95 Okla. 205, 219 P. 100.

In 54 A.L.R. 917-939, there is found an annotation and collection of authorities on the subject of letters as testamentary dispositions, and the rules, applicable here are stated by the annotator as follows:

"Where, either from the letter itself, or from the circumstances of its execution, it appears that the statement alleged to be testamentary does not constitute the important, or principal, portion of the letter, but is a casual statement only, the letter probably was not intended as a testamentary disposition. The casual character of the statement may appear from the letter itself, or from the fact that the letter is only one of many letters to the same addressee." p. 920.

"If the alleged testamentary statement refers to something which the deceased intended to do in the future, as opposed to something then being done by him, the statement is not a testamentary disposition." p. 922.

"It is generally conceded that in addition to the usual burden of proof resting upon the proponent of a will in probate proceedings, it is also presumed that an informal instrument, such as a letter, not purporting on its face to be a will, was not executed animo testandi." p. 932.

When these rules are applied to the facts above stated, we are of the opinion, and hold, that the .lower courts were in error in holding that the letter was intended by the decedent to operate as a disposition of her property to take effect upon her death, and hence to be testamentary· in character.

The principal purpose of the letter was to express thanks for the gift and to induce the addressee to purchase the writer a new pair of shoes and to tell about the members of the family. That the quoted portion claimed to be testamentary was only a casual statement appears from the letter itself, from the fact that the letter was only one of many similar letters written to the addressee and to others, and from the fact that she was familiar with testamentary terminology. The first sentence in the quoted portion may be fairly said to show future intention, and the statement that "I want you to have what I leave" does not clearly show a present intention to make a testamentary disposition. In fact, the whole statement is as consistent with the thought of a future intention as a present intention. There is no evidence tending to show

that during the eleven years intervening between the writing of the letter and the death of Maggie Collins she considered it as a testamentary disposition.

Reversed, with directions to deny probate of the letter as a will.

DAVISON, V.C.J., and WELCH, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.