589 P.2d 80 (1978)
In the Matter of the ESTATE of Henrietta K. FEGLEY, Deceased.
Wilhemina FRIEDHOLM, Opponent-Appellant,
v.
Arthur FEGLEY, Proponent-Appellee.
No. 78-753.
Colorado Court of Appeals, Div. I.
December 28, 1978.
*81 Sonheim & Helm, Robert H. Sonheim, Arvada, for opponent-appellant.
Stitt, Wittenbrink & Roan, P. C., R. J. Wittenbrink, Westminster, for proponent-appellee.
PIERCE, Judge.
Wilhemina Friedholm appeals the order of the trial court admitting to probate the holographic will of decedent, Henrietta K. Fegley. We reverse.
In 1968, Arthur Fegley, the proponent of the will and the appellee here, was divorced from Henrietta Fegley. Henrietta died in February of 1977, and in November of 1977 Arthur filed with the probate court a hand-written instrument which he alleged to be Henrietta's holographic will. Wilhemina Friedholm, claiming to an heir of Henrietta's, objected to the instrument. The parties have stipulated that the document was written by Henrietta. The instrument is not subscribed with Henrietta's signature, even though it ends with the notation: "Witness my hand this 16th day of September, 1976." However, her name does appear in the handwritten exordium clause:
"I, Henrietta K. Fegley, being of sound mind and disposing memory, declare this instrument to be my last will and testament."
Arthur concedes that if the document is not a valid holographic will, then the instrument fails because it does not comply with the execution requirements of § 15-11-502, C.R.S.1973.
Our statute does not explicitly require that the testator's signature appear at the end of the document:
"A will which does not comply with § 15-11-502 is a valid holographic will whether or not witnessed, if the signature and the material provisions are in the handwriting of the testator." Section 15-11-503, C.R.S.1973.
Cf. Miller's Executor v. Shannon, 299 S.W.2d 103 (Ky.1957) (construing Ky.Rev. Stat. § 446.060); In re Estate of Kretz, 410 Pa. 590, 189 A.2d 239 (1963) (construing 20 Pa.Cons.Stat.Ann. tit. 20 § 2502 (Purdon)). The official comments to the Uniform Probate Code § 2-502, provide:
"There is no requirement that the testator's signature be at the end of the will; thus, if he writes his name in the body of the will and intends it to be his signature, this would satisfy the statute."
We adopt the rule enunciated by these comments, and hold that under Colorado's version of the Uniform Probate Code the intent of the testatorand not the location of his nameis the crucial factor in determining whether a holographic will has been signed within the meaning of § 15-11-503, C.R.S.1973. See Smith v. MacDonald, 252 Ark. 931, 481 S.W.2d 741 (1972); In re *82 Bloch's Estate, 39 Cal.2d 570, 248 P.2d 21 (1952).
Here, since no extrinsic evidence was presented on the question of Henrietta's intent, we are not bound by the probate court's finding on this question. Sentinel Acceptance Corp. v. Colgate, 162 Colo. 64, 424 P.2d 380 (1967). And, contrary to that finding, we believe the document demonstrates Henrietta's intent that it not have immediate testamentary effect. The placement of the phrase "witness my hand. . .," followed by a signature space and an attestation clause, indicates that Henrietta intended to sign the document at some future time, and that she did not intend that her name in the exordium clause be a signature. Under these circumstances, we hold that the document was never signed within the meaning of § 15-11-503, C.R.S.1973, and that the trial court erred in admitting it to probate. See Smith v. MacDonald, supra; In re Estate of Rowe, 230 Cal.App.2d 442, 41 Cal.Rptr. 52 (1964).
The order is reversed and the cause remanded for further proceedings consistent with this opinion.
COYTE and KELLY, JJ., concur.