**In the Matter of the ESTATE OF Sarah OLSCHANSKY, Deceased.**

**Roselyn RAYMON, Appellant,**

**v.**

**Steven OLSCHANSKY, Judith Margolis, and Susan Olschansky, Appellees.**

**No. 85CA0873.**

Colorado Court of Appeals, Div. III.

Jan. 8, 1987.

Rehearing Denied March 12, 1987.

Albert Cohen, Denver, for appellant.

Wade Ash Woods Hill & Guthery, P.C., James R. Wade, Denver, for appellees.

BABCOCK, Judge.

In this will contest, Roselyn Raymon, the decedent's daughter, appeals the trial court's order denying her petition for admission of a letter to probate as a holographic will. We affirm.

Sarah Olschansky died in February 1984, and was survived by her daughter and three grandchildren, Steven Olschansky, Judith Margolis, and Susan Olschansky, the children of her predeceased son. Shortly after her death, a document purporting to be decedent's will dated June 26, 1980, was admitted to informal probate. This will devised one-half of decedent's property to her daughter, and the remainder in trust for the benefit of her grandchildren, to be eventually distributed one-third to each.

The daughter then discovered a handwritten letter that decedent had sent her in 1983, and filed a petition seeking formal probate of the letter as a holographic will. The letter reads:

"Tues. p.m.

"Dear Roselyn & Sid:

"Your letter really surprised me, do you think for one minute that I would be fool enough to leave anything to Steve & Susan? I will leave something for Judy because she is the only one who calls me and when she isn't too busy on a Sunday she comes to be with me for a couple of hours. Next Monday afternoon she wants to take me to Cherry Creek to lunch at a cafeteria. I haven't heard from or seen Steve & Susan since my Sams funaral [sic]. Whatever is left after I'm gone is all yours. So rest asured [sic] that I know where my belongings will go, to you and your family. Weather here is beautiful and mild in the 50s & 60s. I'm getting busy now with cleaning and preparing for Peasach. Shirley is having the first Seder and Bea has the second Seder as always. Nothing new here, my knee is fine, all is well, so I can't complain.

"Love to all, stay well all of you.
"Love, Mother."

The grandchildren filed objections to probate of the letter, alleging that it lacked testamentary intent.

At the hearing on the daughter's petition, the evidence established that the letter was entirely in decedent's handwriting and was written in February or March 1983. The grandchildren introduced two documents into evidence: decedent's June 1980 will, and an unsigned, undated copy of the June 1980 will. In the latter document, the names of Steven and Susan Olschansky were obliterated in ink, and there was a note in decedent's handwriting that read: "I Sarah Olschansky being of sound mind and body wish to leave my diamond engagment [sic] ring and my diamond wedding band to my daughter Roselyn Raymon of East Northport L.I. New York after my demise."

The trial court ruled that, although the letter discussed testamentary subjects, it was intended only as a letter, and decedent did not intend it to be a will. The daughter's petition was then denied.

In asserting that the court erred in denying her petition, the daughter argues that

the language of the letter clearly demonstrates the necessary testamentary intent. We disagree.

To be a holographic will under § 15–11–503, C.R.S., an instrument must have been executed by the decedent with testamentary intent. *See In re Estate of Fegley*, 42 Colo.App. 47, 589 P.2d 80 (1978); *In re Estate of Blake*, 120 Ariz. 552, 587 P.2d 271 (Ct.App.1978). The writing, together with such extrinsic evidence as may be admissible, must establish that the decedent intended the writing itself to make a testamentary disposition of decedent's property. *See In re Estate of Fegley, supra; In re Estate of Blake, supra;* 1 W. Bowe & D. Parker, *Page on Wills* § 6.21 (1960).

In contested formal testacy proceedings, the burden is on the proponent of a purported holographic will to establish *prima facie* proof of due execution, while contestants bear the burden to establish lack of testamentary intent. Section 15–12–407, C.R.S.; *see In re Estate of Grobman*, 635 P.2d 231 (Colo.App.1981).

■ We agree with the trial court that the evidence was sufficient to establish that decedent did not intend the letter to operate as her will. Contrary to the daughter's argument, the statement in the letter that "[w]hatever is left after I'm gone is all yours. So rest asured [sic] that I know where my belongings will go, to you and your family" is ambiguous on whether decedent intended to make this testamentary disposition by her letter or by a future instrument. *See Craig v. McVey*, 200 Okl. 434, 195 P.2d 753 (1948); *In re Richardson's Estate*, 94 Cal. 63, 29 P. 484 (1892).

There is no language in the letter indicating that decedent intended the letter to be an important document or to have immediate significance. *See In re Estate of Blake, supra* (letter constituting will contained statement "SAVE THIS"); *In re Kimmel's Estate*, 278 Pa. 435, 123 A. 405 (1924) (letter constituting will contained statement "Kepp [sic] this letter lock it up it may help you out"). Moreover, the evidence established that the letter was not written in contemplation of imminent death. *See Boggess v. McGaughey*, 306 Ky. 319, 207 S.W.2d 766 (1948); *In re Richardson's Estate, supra.*

■ When read as a whole, the informal character of the letter as well as the statement that "I will leave something for Judy" reflect that decedent did not intend the letter to make a testamentary disposition. In addition, the language of the letter differs from the terminology used by decedent in making testamentary dispositions in the typed and handwritten portions of the other two testamentary documents. *See Craig v. McVey, supra; Boggess v. McGaughey, supra.* The obliterations of the two names in the copy of the formal will further reflect that decedent intended to carry out the testamentary scheme expressed in the letter by another instrument. Accordingly, the trial court properly denied the letter admission to probate as a holographic will.

Order affirmed.

VAN CISE and METZGER, JJ., concur.