In the Matter of the **ESTATE OF Robert E. ERICKSON, Deceased, Appellant,**

v.

**Tatsumi MISAKA, Respondent.**

No. 880139–CA.

Court of Appeals of Utah.

Dec. 23, 1988.

Randy S. Ludlow (argued), Salt Lake City, for appellant.

Herschell J. Saperstein, Ken P. Jones (argued), Watkiss and Campbell, Salt Lake City, for respondent.

Before GARFF, BILLINGS and JACKSON, JJ.

JACKSON, Judge:

Robert E. Erickson died in June 1983. His formal will, executed June 9, 1955, was admitted to probate in July 1983 and the designated personal representative appointed. In October 1985, respondent Tatsumi Misaka filed a petition for probate of three handwritten 3″ × 5″ cards as Erickson's holographic will. In this appeal, the personal representative challenges the trial court's admission of the cards to probate. Because we conclude there is insufficient evidence that Erickson intended his handwritten name on one of the cards to be his signature for purposes of Utah Code Ann. § 75-2-503 (1978), we vacate the final order and judgment below.

 The right to dispose of property by will is governed and controlled by statute.

*In re Wolcott's Estate*, 54 Utah 165, 180 P. 169 (1919). The introductory Editorial Board Comment to Part 5 of the Utah Uniform Probate Code,[1] Utah Code Ann. §§ 75-2-501 through -513 (1978), notes that its provisions are intended to validate a will whenever possible. This goal is achieved, in part, by keeping the formalities for a written and attested will to a minimum, *see* section 75-2-502, and by authorizing holographic wills written and signed by the testator:

> A will which does not comply with section 75-2-502 [requiring, among other things, the signatures of two witnesses] is valid as a holographic will, whether or not witnessed, if *the signature and the material provisions* are in the handwriting of the testator....

Utah Code Ann. § 75-2-503 (1978) (emphasis added). As the Editorial Board Comment to section 75-2-502 makes clear, the requisite signature need not be at the end of a will. If the testator "writes his name in the body of the will and *intends it to be his signature,* this would satisfy the statute." (Emphasis added.) Thus, the decedent's intent is the crucial factor in determining whether a purported holographic will has been signed within the meaning of section 75-2-503. *See In re Estate of Fegley,* 42 Colo.App. 47, 589 P.2d 80, 81 (1978) (construing identical statute).

 Although the statutory requirements for execution of a valid holographic will are minimal, the statute is mandatory and not directory. A holographic document is invalid as a will—despite the deceased's clear intent that the document be a will—unless the document complies with the governing statute. *In Re Wolcott's Estate,* 180 P. at 170 (decided under prior statute requiring holographic will to be entirely written, dated, and signed by testa-

---

1. The issue presented in this appeal in one of first impression in this state. Utah is one of sixteen states to adopt all or part of the Uniform Probate Code since 1972. See Utah Code Ann. §§ 75-1-101 to 75-8-101 (1978) (effective July 1, 1977). The others are: Alaska (1973); Arizona (1974); Colorado (1974); Florida (1975); Hawaii (1976); Idaho (1972); Kentucky (1976) (only Art. VII, Part 1); Maine (1981); Michigan (1979); Minnesota (1975); Montana (1975); Nebraska (1977); New Mexico (1976); North Dakota (1975); and South Carolina (1987). Due to the recency of adoption by only a small minority of states, there is a dearth of case law construing the provisions of the Uniform Probate Code.

tor). *See* 2 *Page on the Law of Wills* § 20.4 (W. Bowe & D. Parker ed. 1960).

Under Utah Code Ann. § 75–3–407 (1978), proponents of wills in contested cases always have the burden of establishing prima facie proof of their due execution, while contestants bear the burden of establishing lack of testamentary intent. *See In re Estate of Olschansky,* 735 P.2d 927, 929 (1987).

> The proof in support of probate must be sufficient to convince the court that the paper produced is the lawful will of the testator.
>
> A prima facie case is made when it is shown that all the requirements of law have been observed in the execution of the will, and unless such prima facie case is made the court should refuse probate even where probate is not contested. G. Thompson, *The Law of Wills,* 3rd Ed., § 199.

*In re Estate of Craddock,* 179 Mont. 74, 586 P.2d 292, 294 (1978) (proponent failed to establish prima facie case that purported holographic will was written entirely by testator, as required by statute).

Applying these principles to the instant case, it was respondent Misaka's burden to make a prima facie showing that the purported holographic will contained the "signature" required by section 75–2–503. On this issue, respondent introduced only the three unnumbered and unattached cards, which were apparently discovered in a desk drawer along with other belongings of decedent. They read as follows, with unreadable portions indicated:

8/22/73 Last Will + Test I Robert E. Erickson do hereby state that I leave and bequeath to the following persons of my family + others on my demise I want to leave to my wife Dorothy Erickson the the F.H. Store shall go ¼ to Dorothy ¼ to REE Jr ¼ to Sheryl [unreadable] the other ¼ is owned by T. Misaka The condominium at Park City is to go To ¼ REE Jr ¼ to Sheryl + ½ T T [Madaka home at 1378 Blaine Ave. until she remarries, after which the home shall be sold + ½ go to her + ¼ to REE Jr. + ¼ to Sheryl Ann Erickson or Masaka] My Interest in Nevada Scratch to Go to Dorothy in Total

My Insurance to cover my interest in the Holladay store to go to Dorothy in Total—$50,000 or more. other stock interests— Some Zions Utah Bank [Craft or Croft] to go To Sheryl + Bobby Share + Share alike

On the basis of these writings, respondent Misaka is claiming a one-half interest in Erickson's Park City condominium. Without admission of the index cards to probate as a valid holographic will, Misaka takes nothing; the distribution of the property is controlled by the terms of Erickson's formal 1955 will.

Although the parties and the court below seem to have focused on the broader issue of whether decedent intended these cards to be a will, the relevant inquiry is whether the evidence is sufficient to show decedent Erickson intended that his handwritten name near the top one of the cards be his signature.[2] Misaka offered no evidence extrinsic to the cards themselves as proof of Erickson's intent. The trial court concluded the three index cards contained the "signature" required by section 75–2–503 for a valid holographic will, without specifying the particulars in the three cards relied on to implicitly find that Erickson intended his handwritten name to be his signature. This determination of the decedent's intent, based solely on the trial court's examination of the purported will, is a matter of law, *see In re Love's Estate,* 75 Utah 342, 285 P. 299 (1930), which we review on appeal under a correction-of-error standard. *Western Kane County Special Serv. Dist. No. 1 v. Jackson Cattle Co.,* 744 P.2d 1376, 1378 (Utah 1987).

■ In the definitions provided by the legislature to guide construction of Utah

---

**2.** The findings and conclusions entered by the trial court, as well as the appellate briefs of both parties, fail to distinguish "intent" for these two different purposes. The distinction is pointed out in Note, *Wills—Validity of Signature for Holographic Wills,* 28 Ark.L.Rev. 521 (1975), discussing *Nelson v. Texarkana Historical Soc'y and Museum,* 257 Ark. 394, 516 S.W.2d 882 (1974), and *Smith v. MacDonald,* 252 Ark. 931, 481 S.W.2d 741 (1972). In *Nelson,* as in this case, the evidence extrinsic to the purported will itself went only to the question of general testamentary intent, i.e., did the decedent intend the writing to be a will, not to whether she intended her name in the body of the instrument to be her signature. *Nelson,* 257 Ark. at 398, 516 S.W.2d at 884.

statutes, "signature" is defined as including "any name, mark, or sign written with the intent to authenticate any instrument or writing." Utah Code Ann. § 68-3-12(2)(r) (1988). A decedent's handwritten name in the body of the purported holographic will is not, by itself, prima facie evidence that the document contains the decedent's signature. In the context of section 75-2-503, such a handwritten name must have been written with the intent that it operate as an authentication of the document as a will in order for it to be a signature. The purpose of our statutory scheme is to require a course of conduct which assures that a person's will is reduced to writing and, when handwritten, that the intention to have the writing take legal effect be indicated by a signature which records that fact. The signature requirement shows that the writer finally approved the writing and meant for it to be operative as a testamentary instrument. *See* Mechem, *The Rule in Lemayne v. Stanley,* 29 Mich.L.Rev. 685, 690–96 (1931).

■ Our review of the purported holographic will in this case leads us to conclude that it does not contain the signature required by the statute before it can be admitted to probate. The three cards in evidence are index cards on which only the unlined sides have been written. They were not attached to each other. There is no concluding language on any of the cards, and they otherwise give no indication that they are, taken together, a completed document. Indeed, the nature of the note cards, the use of abbreviations, lack of punctuation, and the perfunctory, open-ended wording strongly suggest that the cards, as a document, are unfinished or constitute a draft.

Although the handwritten name of the decedent appears in the phrase "I Robert E. Erickson do hereby state," the writing contains nothing indicating the name was intended as the required executing signature. There is nothing on the face of the cards to affirmatively or by necessary implication suggest that decedent wrote his name for any other purpose than to identify himself as the writer. *See In re Bernard's Estate,* 197 Cal. 36, 239 P. 404 (1925); *see generally,* Annotation, *Place of Signature of Holographic Wills,* 19 A.L. R.2d 926, 939–44 (1951). In short, there is no evidence that decedent's name was written in the introductory clause on one card with the intent that it constitute authentication of one or all of the cards as a will. Respondent, therefore, failed to make a prima facie showing that the purported holographic will contained the authenticating signature required by section 75-2-503.

■ It is, of course, possible for a handwritten name at the beginning of the body of a will to be written with the intent that it be the requisite signature.[3] However, there must be support in the evidence for that intent. Standing alone, it is equivocal, leaving the decedent's final approval and authentication of the writing in doubt. Without more, it is an inadequate guard against writing being deleted, a possibility in this case if additional cards were written upon by Erickson only to be lost, misplaced, or discarded by him or others.

The final judgment and order of the trial court admitting the cards to probate as decedent's holographic will is vacated. Costs to appellant.

GARFF and BILLINGS, JJ., concur.

---

**3.** *E.g., Smith v. MacDonald,* 252 Ark. 931, 481 S.W.2d 741 (1972) (handwritten name in title and exordium clause constitutes signature required by statute); *In re Estate of Glass,* 165 Cal.App.2d 380, 331 P.2d 1045 (1958) (handwritten name in heading of document, "This is Louis R. Glass"); *Burton v. Bell,* 380 S.W.2d 561 (Tex.1964) (handwritten name in exordium clause, "That I, Roy Wheeler Bell, ....," is signature required for holographic will). *But see In re Bernard's Estate,* 197 Cal. 36, 239 P. 404 (1925) (no intent that name in exordium be signature where document terminated abruptly after a specific bequest); *Estate of Fegley,* 42 Colo.App. 47, 589 P.2d 80 (1978) (phrase at end of instrument "witness my hand ..." followed by blank signature space indicates decedent intended to sign later and did not intend handwritten name in exordium clause to be her signature); *Davis v. Davis,* 86 Okla. 255, 207 P. 1065 (1922) (same phrase and result as *Fegley* ).