In the Matter of the ESTATE OF J. Genevieve HARRINGTON, Deceased.

Alvin A. SCHMITZ and Virginia Schmitz, Beneficiaries–Appellants,

v.

UNITED BANK OF GREELEY, N.A., Personal Representative–Appellee,

and

University of Northern Colorado Foundation, Inc., St. Mary's Catholic Church, Mary Bastion, Mullen Home for the Aged, Jo Ann Craven, Dick Craven, Jim Conlin, and Mary Ann Conlin, Beneficiaries–Appellees.

No. 92CA0375.

Colorado Court of Appeals, Div. C.

Feb. 25, 1993.

Rider & Woulf, P.C., Charles S. Unfug, Greeley, for beneficiaries-appellants.

William H. Southard, Greeley, for personal representative-appellee.

Karowsky, Witwer, Miller & Oldenburg, Marilyn J. David, Greeley, Colorado, for beneficiary-appellee University of Northern Colorado Foundation, Inc.

No appearance for the remaining beneficiaries-appellees.

Opinion by Judge DAVIDSON.

In this probate action, Alvin A. and Virginia Schmitz (beneficiaries) appeal from the trial court's order ruling that four handwritten lists found with the formally executed and attested will of J. Genevieve Harrington (decedent) did not constitute holographic codicils to the will. The trial court ruled instead that the handwritten lists were only memoranda for the disposition of tangible personal property pursuant to § 15–11–513, C.R.S. (1987 Repl.Vol. 6B) and that the lists therefore did not effectively devise $25,000 to beneficiaries. We agree and, therefore, affirm.

Decedent died on September 16, 1991 at the age of 89 years, leaving a formally executed and attested will dated June 7, 1990. Article III of this will states as follows:

> I give my property *as described in Section 15–11–513, C.R.S.1973, as amended,* such as jewelry, clothing, furniture, furnishings, sporting equipment, silver, books and pictures, except such property used in any business in which I may have any interest, together with any insurance policies and claims under such policies on such property, in accordance with a writing which I intend to leave at my death. (emphasis added)

Section 15–11–513, C.R.S. (1987 Repl.Vol. 6B) provides, in pertinent part, that:

> *Whether or not the provisions relating to holographic wills apply,* a will may refer to a written statement or list to dispose of items of *tangible personal property* not otherwise specifically disposed of by the will, *other than money,* evidences of indebtedness, documents of title, and securities, and property used in trade or business; ... To be admissible under this section as evidence of the intended disposition, the writing must either be in the handwriting of the testator or be signed by him and must describe the items and the devisees with reasonable certainty. The writing may be referred to as one to be in existence at the time of the testator's death; *it may be prepared before or after the execution of the will;* it may be altered by the

testator after its preparation; and *it may be a writing which has no significance apart from its effect upon the dispositions made by the will.* (emphasis added)

After decedent's death, four handwritten lists were found in an envelope in her safety deposit box, attached by a rubber band to her June 1990 will. Each of the lists was on a separate page and consisted solely of a name or names followed by a series of enumerated specific items of property, and each of the lists was entirely in decedent's handwriting and was signed by her. The list at issue in this appeal reads in its entirety as follows:

Alvin and Virginia Schmitz
1. $25,000.00
2. Volvo car
3. ¼ of Financial Industrial Funds # 237396-0-10
4. Maple bedroom furniture, (complete) dresser, mirror, end table.
5. Holy pictures in bedroom.
   Gen Harrington.

The only issue in this appeal is the effectiveness of the purported devise of $25,000 to beneficiaries. The trial court's rulings concerning the effectiveness of the other specific devises made or attempted to be made to beneficiaries by this list, and to the other devisees by the other lists, are not challenged by the parties in this appeal.

Thus, as pertinent here, the trial court determined that the foregoing list constituted a § 15–11–513 memorandum as referenced in Article III of the decedent's June 1990 will, but that the list did not constitute a holographic codicil to the will. Consequently, because money may not be devised by a memorandum under § 15–11–513, the trial court found that the list did not effectively devise the $25,000 to beneficiaries.

Although beneficiaries do not challenge the court's finding that the list is a § 15–11–513 memorandum nor that money may not be devised by memorandum, they contend that the trial court erred by not finding that the list also constitutes a holographic codicil by which the $25,000 was effectively devised to them. The issue,

then, is whether this list was intended to be a holographic codicil. We conclude that the trial court correctly determined that it was not.

■ A codicil is a modification of an existing will, *Johnson v. Johnson*, 279 P.2d 928 (Okla.1954); *see In re Estate of White*, 39 Colo.App. 445, 566 P.2d 720 (1977), and is valid as a holographic codicil if, whether or not witnessed, the signature and the material provisions are in the handwriting of the decedent. Section 15–11–503, C.R.S. (1987 Repl.Vol. 6B).

■ In addition, as with all wills, *see* § 15–10–201(51), C.R.S. (1987 Repl.Vol. 6B) (wills include codicils under the Colorado Probate Code), the writing, together with such extrinsic evidence as may be admissible, must establish that the decedent intended the writing itself to make a testamentary disposition of decedent's property (testamentary intent). Moreover, the testator must have intended the writing to operate as a codicil. *See In re Estate of Olschansky*, 735 P.2d 927 (Colo.App.1987).

■ We observe that both § 15–11–513 memoranda implementing enabling provisions in a will and holographic codicils to a will must be executed by a testator with testamentary intent in that both types of documents are intended to provide for the disposition of certain property of the testator at death. However, resolution of whether this list is a codicil requires a determination that the decedent executed the list, not just with testamentary intent, but with the intent that it operate as a codicil to her will rather than merely as a § 15–11–513 memorandum.

Here, the trial court found that the decedent had the necessary testamentary intent, but that she did not intend the list to be more than a § 15–11–513 memorandum. We agree.

■ When, as in this case, there is uncertainty as to what a decedent intended an instrument to be, the court, in determining such intent, may consider extrinsic evidence concerning all the relevant circumstances. *See In re Estate of Olschansky, supra;* 1 W. Bowe & D. Parker, *Page on*

*Wills* § 5.16 (1960); *Annot.*, 21 A.L.R.2d 319 (1952); *see also In re Estate of Palizzi*, 835 P.2d 563 (Colo.App.1992).

 On its face, this list does not indicate that decedent intended it to be a codicil. It has no discernible testamentary significance when viewed independently from the June 1990 will, and, standing alone, there is no language in the list to indicate it is to operate as a codicil. It is not denominated as such, and it makes no disposition of any property, does not reference the will, and shows no testamentary or even donative intent. *See In re Estate of Olschansky, supra; In re Estate of Fegley*, 42 Colo.App. 47, 589 P.2d 80 (1978).

Thus, whatever testamentary significance the list has is derived from the evidence presented concerning its relationship to the June 1990 will—specifically, the language of Article III of the will and the physical attachment of the list to the will. However, that language, which devises only such property "as described in Section 15–11–513" by means of a "writing which I intend to leave at my death," gives significance to the list *only* as a § 15–11–513 memorandum. And, to the extent that the list enumerates property—the $25,000—not subject to being devised by a § 15–11–513 memorandum, we note that such property is not within the language of Article III of the will. *See In re Estate of Bennett*, 789 P.2d 446 (Colo.App.1989); *In re Estate of Schmidt*, 638 P.2d 809 (Colo.App.1981).

In addition, the list is undated. Although neither a § 15–11–513 memorandum nor a codicil need be dated, and while a memorandum may be prepared either before or after the execution of the will pursuant to the express terms of the statute, a codicil must be executed after the execution of the will which it modifies. Here, there was no date on the list nor any evidence indicating that the list was executed by the decedent after the execution of the June 1990 will. And, that will expressly revokes all previous wills and codicils made by the decedent.

Finally, insofar as beneficiaries argue that testimony supports a finding that decedent intended the list to be a codicil, we conclude that the trial court, upon proper consideration of all the evidence before it, appropriately ruled that the list was not a holographic codicil to the will and that it, therefore, did not effectively devise the $25,000 to beneficiaries. *See In re Estate of Olschansky, supra; In re Estate of Palizza, supra.*

The order is affirmed.

METZGER and ROTHENBERG, JJ., concur.