# Whitaker's Estate.

*Will—Conditional will—Writing signed at the end thereof—Probate.*

Testatrix died leaving to survive her a husband named Isaac and a daughter. Soon after her death there was found in her safe a large sealed envelope, marked on the outside, "To be opened by Ike if I do not come back." This envelope contained a second sealed envelope marked "If I do not come back this is my will." In this second envelope was found a testamentary paper dated some years before death of testatrix, signed by her, and attested by two witnesses. The indorsements on the outside of the envelopes were in the handwriting of the testatrix, as well as the body of the paper found in the envelope. No reference was made in the testamentary paper to the writings on the envelopes, nor was there any reference to any proposed journey. About the time of the execution of the instrument testatrix made a trip to a distant state, and returned to her home about one month later. *Held*, that the paper inclosed in the envelopes was properly admitted to probate.

Argued Nov. 13, 1907.   Appeal, No. 197, Oct.  T., 1907, by Isaac R. Whitaker, from decree of O. C. Allegheny Co., May T., 1907, No. 187, dismissing appeal from register of wills in Estate of Matilda P. Whitaker, deceased.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from register of wills.

OVER, J., filed the following opinion :

Matilda P. Whitaker died in the city of Pittsburg on March 1, 1907, leaving to survive her a husband, Isaac R. Whitaker, and one daughter, Sadie Douglas.   Soon after her death there was found in her safe a large sealed envelope marked on the outside, " To be opened by Ike if I do not come back."   This envelope contained a second sealed envelope marked, " If I do not come back this is my will."   In this second envelope was found a testamentary paper, dated February 4, 1899, signed by the decedent, and attested by two witnesses.   The indorsements on the outside of the envelopes were in the handwriting of the decedent, as well as the body of the paper found in the envelope.   No reference was made in the testamentary paper to the writings on the envelopes, nor was there any reference to any proposed journey.   About the time of the execution of said instrument Mrs. Whitaker made a trip to Florida, and returned to Pittsburg about one month later. This paper having been admitted to probate by the register as the last will of the decedent, Isaac R. Whitaker appealed therefrom, alleging either that the paper was a conditional will or that the publication thereof was conditional, and that it should not be admitted to probate.

If the testamentary paper signed by Mrs. Whitaker had contained the sentence, " If I do not come back this is my will," indorsed on the envelope in which the paper was found, it would have been a conditional will, contingent upon her death on the journey she contemplated when the paper was executed, and as she returned from her journey it would be inoperative. There is nothing in the paper, however, indicating that the testamentary disposition made therein was contingent ; no reference is made to the writing on the envelope in which the paper

was found inclosed, and as the writing was not signed by her it cannot be treated as part of the will, nor as a codicil to it: Plumstead's Appeal, 4 S. & R. 545 ; Jacoby's Estate, 190 Pa. 382 ; Willing's Estate, 212 Pa. 136. In Forquer's Estate, 216 Pa. 331, in an able and exhaustive opinion which was adopted by the Supreme Court, Judge GALBRAITH held that " Unless it appears from the will itself that it was not to operate in a certain event it will be entitled to probate," and that " The character of a will as being contingent or not contingent in its operation depends on the intention of the testator as expressed in the will itself, without the aid of extrinsic evidence in the form of subsequent declarations made by the testator in an incidental way as to the disposition of his property." Then, as here, there is no condition expressed nor implied in the paper ; if there is sufficient evidence of its execution and publication it should be probated. Its execution is proven as required by the statute, and is not questioned.

The paper is testamentary in substance, was signed by the decedent, attested by two witnesses at her request, and although she did not declare it to be her will to them, yet the presumption is that she published it as such. But it is contended by appellants that the writing on the envelope shows that its publication was conditional, and the condition not being fulfilled, there was no publication. The execution and publication, however, was of the paper itself as a will, and not of the writing on the envelope as a part of it, and was complete and perfect. The writing did not refer to the publication, which is not affected by it, and is only a declaration made after the execution of the paper of her intention that the will should be conditional ; but as this intention was not expressed in a writing signed by her, it could not revoke or annul the unconditional testamentary disposition in the paper, and the decision of the register admitting it to probate must be affirmed and the appeal dismissed.

*Error assigned* was decree dismissing the appeal.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellant.

*Lawrence P. Monahan*, for appellee.

PER CURIAM, January 6, 1908 :

The decree is affirmed by a majority of the court on the opinion of the learned judge below.