In Re JENSEN'S ESTATE.    GREEN v. JENSEN.

No. 2096.    Decided April 29, 1910 (108 Pac. 927).

WILLS—PROBATE—NATURE OF PAPER.    Decedent wrote a letter to peti-
tioner, discussing in a general way their plans after they were
married, stating therein that he would make petitioner his sole heir
whether they were married or not, and if he died before they were
married would make her his legal heir, but "I hope I will enjoy
your company and association before that, now this is only talk.    I
don't expect to die, but I am just telling you what I mean."    *Held*, ·
that the letter was not intended as a present disposition of deced-
ent's property but merely expressed an intention to dispose of it
at some future time, and was not admissible to probate as a will.
(Page 430.)

Appeal from District Court, Fourth District; *Hon. J. E.
Booth,* Judge.

Petition by Millie Green against Jens Jensen to probate
an alleged will.

From a judgment denying probate, proponent appeals.

AFFIRMED.

Decided April 29, 1910.

*Hansen & Meredith* (*Goodwin & Van Pelt,* of counsel),
for appellant.

*John T. Pope* (*M. M. Warner* of counsel), for respond-
ent.

FRICK, J.

The appellant filed her petition in the district court of
Uintah County, Utah, and with it presented for probate a
certain writing which she alleged was the last will and testa-
ment of one John Jensen, late of Uintah County, deceased.
The alleged will was in the form of a letter written by the

deceased and directed to the appellant, who was his fiancee. The letter in full is as follows: "John Jensen & Co., Dealers in Miners' and Ranchers' Supplies. Dragon, Utah, Jan. 26, 1909. My Dear Millie: I had just written a letter to you when I received your most interesting letter I ever got from you. I am glad to hear that you favor our union this spring. Yes, my dear Millie, we will try to get our union sealed as soon as we can. I need you here and I want you here to comfort me and be a helpmate to me, and that we both may be benefited and blessed. (This is a kiss.) I am surprised to see your thoughts correspond with mine. You need not worry about your travel across the country. I will come and get you, and we will go right on to Salt Lake and back to Dragon and never mind the reception, we will have that some other time. I appreciate your sentiments and I am fully in sympathy with them, as I am with all you propose, but we must economize as much as we can. We are not millionarys and you and I must live, and so we will make things match as much as we can, and when we get well off then we will spread it on (do you see). Sweet Millie, I do not know if you like this or not, but I think you a sensible girl. I will make you my sole heir whether we get married or not, and if I die before you and me are married, I will make you my legal heir, but I hope that I will enjoy your company and association before that, now this is only talk. I don't expect to die, but I am just telling you what I mean. If we were together we could talk all this thing face to face—I will be other there some time this spring. I will let you know later and we will arrange things. We may get married in Vernal, and then go to Salt Lake City, but I have to see the Stake President about that. You just keep your ears stiff and trust in the Lord. Pray for me and yourself and we will be all right. Yes, my dear, I hope all saloons will be closed and whiskey banished from the face of the earth. You shall not think that those post cards is of any consequence. It was only to show you what the store looks like. I will send you some more to show you Dragon from different points. We don't want to stay here all

our lives, but we will stay here till we can do better or worse. I like to make a few dollars and go in the chicken business. God bless you, my dear Millie. From your loving John." The district court held that the writing was not intended as a will, and that, in legal effect, it was not such, and hence refused to admit it to probate, and entered ·judgment accordingly. The appeal is from the ruling and judgment.

It is urged that the district court erred in its conclusions and judgment. Conceding, for the purposes of this decision, that the writing in question is in form and execution sufficient as a holographic will under the provisions of section 2736, Comp. Laws 1907, yet the writing lacks the elements of substance which are requisite to constitute it a will whether holographic or regular. It is manifest, from the face of the writing itself, that the writer did not intend it as constituting a disposition of his property, or any part of his property. True, the writer says, "I will make you my sole heir, . . . and if I die before you and me are married I will make you my legal heir." These are the only words that even the most liberal constructionist could claim had any tendency towards manifesting an intention on the part of the writer to make a post mortem disposition of property. It is, however, clear from the language used that the writer did not intend to presently bequeath or devise any property, but that he merely expressed an intention to do so at some future time. This is not only the unavoidable conclusion to be deduced from the language itself, but such a conclusion is fortified by the fact that the writer does not mention or specify any property of any kind whatever. If the writer had intended the letter as a present disposition of his property, or any part of it, he no doubt would have said something about property of some kind. To our minds it is very clear that the letter in question was not intended as a will, but that it was intended for what it purports to be, namely, a letter by which the writer communicated his thought and plans, in a general way at least, to one with whom it was his intention to estab-

lish the closest social relations in the near future.    Such a writing, therefore, falls far short of being a present disposition of property.

The judgment is therefore affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.