Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by R. A. Fox against J. Roy Tippit and another. Judgment for plaintiff, and defendants bring error. Dismissed.

Yerker E. Taylor, for plaintiffs in error.

J. S. Garrison, for defendant in error.

COCHRAN, J. This is an action on a promissory note. Paintiffs in error made no defense and judgment was taken against them by default. The only evidence introduced was the note sued on, a copy of which is attached to the petition as an exhibit. Plaintiffs in error filed a motion for a new trial, which was overruled, and they have appealed and assigned as error that the judgment was not supported by the evidence. The defendant in error has filed a motion to dismiss the appeal.

The questions raised as to the admissibility of the note in evidence are (1) that the note had not been stamped and tax paid thereon as required by the revenue laws of the federal government, and (2) that the taxes had not been paid thereon as required by section 9608, Comp. Stat. 1921. The note was executed on April 19, 1921, and matured on November 1, 1921, which was less than eight months from the date of execution, and the statute above referred to has no application. Kelley v. Hamilton, 78 Okla. 179, 189 Pac. 535. There is no inhibition in the revenue law of the federal government against the introduction of a promissory note as evidence on which stamp taxes have not been paid, but the act only makes it a misdemeanor for non-payment. If the defendants had been present at the trial and offered the same objection to the introduction of the note as evidence which they now raise on this appeal, these objections would have availed defendants nothing and no other judgment would have been rendered than was rendered. It is apparent from the record before us that this appeal is frivolous and was prosecuted for delay only. The appeal is therefore dismissed.

All the Justices concur.

---

## In re ESTATE of YOUNG.

No. 12068—Opinion Filed Oct. 2, 1923.

(Syllabus.)

### Wills—Validity of Holographic Will.

Where an instrument is tendered for probate as an holographic will, it must be plainly apparent that it was the intention of the deceased that the paper should stand for her last will and testament, and an instrument should be denied probate unless such intention is plainly apparent.

Error from District Court, Grant County; J. W. Bird, Judge.

In the matter of the estate of M. A. Young, deceased. Appeal from order admitting will to probate. Reversed and remanded, with directions.

E. H. Breeden and J. E. Falkenberg, for plaintiff in error.

Sam P. Ridings and J. B. Drennan, for defendant in error.

COCHRAN, J. This is an appeal from the judgment of the district court probating an instrument offered as the holographic will of Mrs. M. A. Young. The instrument offered as a will is a letter written by Mrs. Young to her sister and is in the following language:

"Dear Sister:    Feb. 14th, 1901.

"Mr. Young thinks it best for him to go and see about the rents and when we get possession he is abler to get around better than I am it is not necessary for both to come now the deed will be made to me to do as I please with while I live if I should die first I want you and your heirs to have what I have left.

"I hope to see you all soon Mr. Young will be there friday evening.

"Yours truly,

"M. A. Young."

The testimony discloses that at the time this letter was written Mrs. Young was a resident of Kansas, but had contracted to purchase a tract of land in Oklahoma, which was later to be deeded to her. It was to this piece of land reference was made in the letter. The testimony does not show any other circumstance surrounding the execution of the instrument or tending to show the intention of Mrs. Young. She died some 18 years after the letter was written, and her sister died prior to that time, leaving a son who claims the estate by virtue of the holographic will of Mrs. Young.

It is contended that it does not appear it was the intention of Mrs. Young that the instrument should stand for her last will and testament. In similar cases it has been held that it must satisfactorily appear that the testator intended the instrument to be his will, and if it does not so appear, the paper should be rejected. In Re Meade's Estate (Cal.) 50 Pac. 541, the court said:

"The intention of the deceased that the paper should stand for a last will and testament must be plainly apparent. The heirs at law are not to be disinherited unless such intention is clearly manifested. * * * 'Effect must be given to the intention of the testator, if that can be discovered, and is consistent with the rules of law. But the intention must be expressed, and with legal certainty, otherwise the title of the heirs at law must prevail.' Sutherland's Ex'rs v. Sydnor (Va.) 6 S. E. 481. 'It must satisfactorily appear that he intended the very paper to be his will. Unless it so appear, the paper must be rejected.'"

In re Jensen's Estate (Utah) 108 Pac. 927; Maris v. Adams (Tex. Civ. App.) 166 S. W. 475.

It does not appear that there was any intention on the part of Mrs. Young that the letter should operate as a testamentary disposition of her estate. As stated above, the only evidence introduced tending to show the circumstances surrounding the writing of the letter shows that it was written concerning a tract of land which Mrs. Young had contracted to buy and which had not at that time been deeded to her. The sister's child made the contract for the purchase of the property for his aunt. It seems more reasonable that the words which proponent insists are of a testamentary nature refer only to the terms of the deed which Mrs. Young expected to be drawn, as she states "the deed will be made to me to do as I please with while I live," and as a part of the same sentence, "if I should die first, I want you and your heirs to have what I have left." In other words, that the deed should be so drawn as to permit her to have full use, control, and dis-

position thereof during her life, but the remainder to be the property of the sister and her heirs, conditioned, however, that she, Mrs. Young, should die first. It is certainly not apparent that Mrs. Young intended by this letter to make a testamentary disposition of her property.

We think the instrument must be denied probate for a further reason, even though it was intended as a testamentary disposition of her estate. If a will at all, it is a conditioned will, and if the event upon which it is conditioned does not transpire, the will fails. Dougherty v. Holscheider (Tex. Civ. App.) 88 S. W. 1113; Du Sauzay v. Du Sauzay (Miss.) 63 South. 273; In re Bitner, 171 N. Y. Supp. 366; In re Whitaker (Pa.) 69 Atl. 89; Walker v. Hibbard (Ky.) 11 A. L. R. 832; Dougherty v. Dougherty (Ky.) 4 Metcalf, 25; Robnett v. Ashlock, 49 Mo. 171. For a complete discussion of this subject see the note to Walker v. Hibbard, as contained in 11 A. L. R. 832.

The defendants in error contend that the condition was that Mrs. Young should die before her sister and her sister's heirs. We do not think the language subject to this construction, but should be held to mean that her desire was conditioned upon the writer dying before her sister. The sister died first, hence the instrument, if otherwise sufficient to constitute a will, is not entitled to probate.

The judgment of the trial court is reversed, and cause remanded, with directions to deny probate of the instrument as the last will and testament of Mrs. M. A. Young, deceased.

JOHNSON, C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.