The attorneys for the brothers and sisters of Mrs. Louise Gurganus, who claim under the deceased's will of April 15, 1924, in the application for rehearing, state that due to some inadvertence they failed to notice that the case had been posted for argument in this Court, and, therefore, they did not have an opportunity to argue the issues which were decided upon briefs.
Their principal complaint is that the case of Lawson Heirs v. Lawson Executors, 12 La.Ann. 603, was referred to in our opinion, and they contend that this case was overruled in the Succession of Burnside, 35 La.Ann. 708, and Succession of Marks, 35 La.Ann. 1054.
This Court, in those two decisions, did refuse to follow the holding in the Lawson case in considering a will where the testator bequeathed the residue of his property of every description to a certain legatee. The Court, in the Succession of Burnside, supra, concluded from the language of the will that the testator intended to cover not only the property which he owned at the time of the execution of the will, but any *Page 1025 
property which he might acquire in the future.
A reading of the will now under consideration and quoted in full in our opinion shows that the testatrix did not bequeath the residue of her property to any legatees because after stating that she wanted her sisters and brothers to have what she owned, she enumerated the particular properties that each of the legatees was to receive respectively. In this connection, we might say that her will was executed on August 15, 1924; she was married to Dr. Hiler in 1929, and she died on February 1, 1943, at which latter date, the record discloses that all of the property mentioned in her will was no longer owned by her, except the two rings which had been given to her sisters. The will does not contain any language which would indicate that the testatrix intended that the testament would cover future acquired property. Clearly, at the time she executed the will, she was unmarried and could not have contemplated the disposition of community property subsequently acquired.
The Lawson case is unnecessary to the decision herein. The provisions of Articles 1720 and 1721 of the Revised Civil Code and the holding of this Court in the case of Delaureal v. Roguet's Succession, 177 La. 815, 149 So. 464, are sufficient authority for our conclusion that the present property and not future property was sought and intended to be disposed of by the last will and testament of the deceased.
For these reasons and those assigned in our original opinion, the application for a rehearing is denied. *Page 1026