HAWTHORNE, J.
(dissenting).
In this case the will clearly expresses the testatrix’ intent that her son John Dixie Formby was to receive all of her property at her death. I think it is the duty of the court to see that her intent is carried out so long as her will does not contravene any prohibitory law.
We are dealing here not with a donation inter vivos, but with a bequest made in a last will and testament. I think it entirely proper to consider that the bequest is remunerative in character, and that the value of the services should be determined up to the date of death rather than only up to the date of the will. If a testator should wish to compensate someone for services rendered up to the time of his death, under the holding of the majority he would have to know when he was going to die and wait to make his will until just shortly before his death— in most cases a manifest impossibility.
In Succession of Henry, 158 La. 516, 104 So. 310, cited by the majority, the will was written in 1914, and the testatrix died in 1921. The court evaluated the services of the son for a period of eight years, six of which followed the date of the will.
In Delaureal v. Roguet’s Succession, 177 La. 815, 149 So. 464, upon which the majority relies as authority for holding that the value of the son’s services in the instant case should be determined only up to the date of the will, the court was considering services rendered by a physician both before and after the date of the will. In determining whether the legacy to the doctor *163 of a specific sum was intended by the testator to cover future as well as past services, this court studied the language of the will carefully and concluded that “the language is not ambiguous. It relates to, and in our opinion it clearly expresses, the testator’s intention to remunerate the legatee for services rendered during the years preceding the date of the will. * * * we have found that the will clearly expresses an intention to remunerate the beneficiary for past services”. In my opinion the will in the instant case clearly expresses the intention of Mrs. Formby to compensate her son for his services to the time of her death.
As to the value of these services, the legatee is not suing to recover their value in quantum meruit from his mother’s estate; the testatrix herself considered that his services were of value and compensable, and that a bequest of her interest in the property would compensate him for his services. Both the trial judge and the Court of Appeal thought the testatrix was right, and both courts determined the value of these services and concluded that the value of the bequest did not exceed the value of the services rendered.
I do not consider the case of Succession of Waechter, 131 La. 505, 59 So. 918, authority for the majority’s holding that the services here rendered are not compensable. In the Waechter case the legatee, a son of the testator, was a minor living with his father at his father’s expense.
For the above reasons I think the judgment of the district court and the Court of Appeal is correct and should be affirmed.