REID, Judge.
Silas L. Brown, resident of Washington Parish, Louisiana, died on September 15, 1960 leaving a nuncupative will by public act passed before J. W. Richardson, Notary Public on October 20, 1936.
The will contained two bequests to his widow, Beulah Taylor Brown:
“I leave and bequeath to Beulah Taylor Brown, my second wife the house in which we are now living and thirty acres of land upon which it is standing, (30 acres) which thirty acres is a part of the land that I inherited from the estate of my father, Sam Brown, which thirty acres is in Section Seven, Township One, South Range Fourteen, East St. Helena Meridian, in Washington Parish, Louisiana.”
Decedent, Silas L. Brown, was married twice, his first marriage to Selena Brown was dissolved by her death; subsequently decedent married Beulah Fusseliar Taylor Brown who survived him and who is the proponent of the will filed for probate herein.
Decedent left the following children, issue of his marriage to his first wife:
Oliver B. Brown, Ernest Brown, Floretta Brown Monday, Ruth Anna Brown Bick-ham, Rosetta Brown Jefferson, and Louella Brown Jones, who were the sole forced *818 heirs of the said Selena Brown, their mother. The appellant, Beulah Taylor Brown, filed a nuncupative will for probate and the same was ordered registered and executed by judgment dated October 24, 1960.
The children of the first marriage filed an opposition to the probate of the will on November 14, 1960 alleging proponent was (1) not entitled to be made testamentary executrix of the will and (2) the disposition in favor of proponent, Beulah Taylor Brown, exceeds the disposable portion as provided in LSA-C.C. art. 1493, reading:
“Donations inter vivos or mortis causa can not exceed two-thirds of the property of the disposer, if he leaves, at his decease, a legitimate child; one-half, if he leaves two children; and one-third if he leaves three or a greater number.
“Under the name of children are included descendants of whatever degree they be, if being understood that they are only counted for the child they represent.”
Upon trial of the issues there raised the Trial Judge rendered judgment with written reasons wherein the Court reduced the amount of the property donated by Silas L. Brown to the proponent, Beulah Taylor Brown, from thirty (30) acres to 20.44 acres surrounding the home in which the decedent and the proponent lived. Proponent prosecuted this appeal from said judgment and the opponents answered in which they maintained the inventory and the valuations of the separate and community property are correct and further that such values are correct was stipulated by opposing counsel in this matter. They further answered that the value of the property bequeathed by the decedent to appellant, Beulah Taylor Brown was $5544.00. They maintained that the disposable portion, according to the inventory valuation agreed upon by counsel amounted to $5494.65. They contend the property bequeathed to proponent exceeded the disposable portion by $49.35 resulting from a valuation of $100.00 per acre, and further that appellant was not entitled to any credit whatsoever on her claim the separate property brought into the community by her enhanced the value of the community. The appellees further pray the judgment be amended by reducing that portion of the property willed by the decedent to the appellant in the sum of $49.35, or, in the alternative by the reduction of one-half acre of land from the 20.44 acres willed by the decedent to the appellant and in all other respects the judgment appealed from be affirmed.
The appellant, Beulah Taylor Brown, asserts the Lower Court erred in finding it was the testator’s intention to leave his wife 20.44 acres of land rather than the 30 acres stipulated in his will.
Accordingly, this Court must resolve two questions. First, did the Lower Court err in awarding the widow, Beulah Taylor Brown, 20.44 acres rather than the 30 acres set out in the will, and second, did the Lower Court err in giving the proponent credit for $49.35 as contribution of her separate funds to the community existing between her and Silas L. Brown, decedent, as an enhancement of the value of the community, and should the judgment be amended by reducing the number of acres awarded the proponent from 20.44 acres to 19.94 acres.
The validity of the testament vel non is not at issue, our review being restricted to the interpretation of same. All parties agree that the value of the property sought to be donated was $5544.00, and that the disposable portion of the estate was $5494.65, a difference of $49.35.
It is fundamental in the interpretation of wills certain cardinal principles are to be applied. Especially pertinent, we believe are:
“In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, *819 from the proper signification of the terms of the testament.” LSA-Civil Code, Article 1712.
“A disposition must be understood in the sense in which it can have effect, rather than that in which it can have none.” LSA-Civil Code, Article 1713.
Penny v. Christmas, 7 Rob. 481; Hasley v. Hasley, 25 La.Ann. 602; Succession of McBurney, 165 La. 357, 115 So. 618; Delaureal v. Roguets Succession, 177 La. 815, 149 So. 464; Succession of Price, 202 La. 842, 13 So.2d 240.
The intention of the testator is all important and the ascertainment of it must be undertaken without departing, however, from the proper significations of the terms of the testament. Succession of Rougon, 223 La. 103, 65 So.2d 104; Succession of Earhart, 220 La. 817, 57 So.2d 695; Succession of Jan, La.App., 78 So.2d 241.
 The District Judge in his written reasons for judgment found there were only two parcels of decedent’s land located in Section 7, T 1 S R 14 E. One of these was a 5 acre parcel acquired from J. O. McNeese and of which an undivided one-half interest was sold by decedent to Ernest Brown. The other parcel which contained 20.44 acres was acquired by decedent from Sam Brown and Ellen Brown and from Oliver Brown and others, by two separate deeds. The Lower Court concluded this was the parcel of ground referred to in the will as containing 30 acres. The value of this tract according to the inventory was $5544.00. This exceeded the disposable portion according to the agreed valuation by $49.35. The Lower Court concluded in as much as this property was in Section 7, and was of the approximate value of the disposable portion it was the intention of the testator to bequeath this property to his widow, Beulah Taylor Brown. As the value of this property exceeded the disposable portion by $49.35 the Trial Judge gave proponent credit' for separate funds which he concluded she brought into the community, thereby enhancing the value to that extent and awarded her 20.44 acres. Though Counsel disputes the amount of separate funds contributed by the widow to the community which enhanced the value of same, the testimony was not transcribed, and there is no evidence in the record whatever to affirm or deny the same. The Lower Court found that the community was enhanced to this extent and awarded sufficient property to the widow to cover the same. The presumption is that the Trial Judge’s finding of fact on this point is correct, and we are ip accord.
Judgment of the Lower Court is affirmed,
Affirmed.